IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SANDRA K. DAWSON                                                                    PLAINTIFF

v.               Civil No. 5:25-cv-05042-TLB-BAB

JUDGE MARK LINDSAY; PROSECUTOR
MATTHEW DURETT; WHITNEY DOOLITTLE,
Assistant Prosecuting Attorney; MEIKA HATCHER,
Assistant Prosecuting Attorney; SHERIFF JAY
CANTRELL; WASHINGTON COUNTY
DETENTION CENTER; TIM GRIFFIN, Arkansas
State Attorney General; HONORABLE JUDGE
JOANNA TAYLOR; TONY JONES, Court
Appointed Attorney; and GOVERNOR OF ARKANSAS,
SARAH HUCKABEE SANDERS                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey an Order of the Court.

### I. DISCUSSION

Plaintiff attempted to file this action as a habeas corpus action on February 26, 2025.[1] (ECF No. 1). Plaintiff submitted a $5 filing fee. On February 27, 2025, the case was filed as a civil rights action pursuant to 42 U.S.C. §1983. (ECF No. 2). Plaintiff was incarcerated in the

---

[1] The Complaint was apparently filed through a friend of Plaintiff's. However, a non-attorney may not represent another party. *Jones ex rel. Jones v. Corr. Medical Servs., Inc.,* 401 F.3d 950 (8th Cir. 2005) (non-attorney may not bring claims on behalf of another). Instead, Plaintiff must represent herself. 28 U.S.C. § 1654 (a person "may plead and conduct their own cases personally or by counsel.").

1

Washington County Detention Center ("WCDC") at the time she filed the Complaint.

On February 27, 2025, Plaintiff was directed to either submit an *in forma pauperis* ("IFP") application or pay the remainder of the filing fee by March 20, 2025. Plaintiff failed to submit an IFP application or pay the remaining fee. On March 21, 2025, a Show Cause Order was entered. (ECF No. 7). Plaintiff was given until April 11, 2025, to show cause for failing to submit an IFP application. *Id.*

On March 24, March 25, April 4, April 8, and April 28, mail was returned as undeliverable from the WCDC marked "return to sender not at facility." No new address has been provided. Plaintiff has not communicated with the Court since she filed this action on February 26, 2025.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For this reason, it is recommended that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**Status of Referral:** The referral terminates upon the filing of this Report and

**Recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

DATED this 6th day of May 2025.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE